Dear Mr. Cespiva:
As the attorney for the Town of Ball, Louisiana, and pursuant to the request of the Town Council, you have formally requested an Attorney General Opinion on the issue of passing a town ordinance that would, among other things, restrict the domicile of registered sex offenders. You asked the following questions:
 1) May the Town of Ball, a Lawrason Act municipality, adopt an ordinance designed to regulate the domicile of registered sex offenders within the town's city limits?
 2) If so, are there any limitations as to the distances or types of places that may be restricted by such an ordinance?
According to state law, a Lawrason Act municipality is governed by La. R.S. 33:321, which provides, in pertinent part:
 All municipalities shall be governed by the provisions of the [Lawrason Act, La. R.S. 33:321, et seq.], except those municipalities governed by a special legislative charter, a home rule charter or a plan of government adopted pursuant to Article VI, Section 5 of the Constitution of Louisiana, or Part II or Part III of this Chapter.
The Town of Ball, as a Lawrason Act Municipality, is subject to the "Lawrason Act" statutes, La. R.S. 33:321, et seq. As it concerns your first question, the Town of Ball would have the authority to pass an ordinance that regulates the domicile of registered sex offenders within the town's city limits, as stated in La. R.S. 33:361A: *Page 2 
 Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.
Furthermore, La. R.S. 33:362 provides, in pertinent part:
 A.(1) The legislative powers of a municipality shall be vested in and exercised by the board of alderman. (2) The board of alderman may: (b) Enact ordinances and enforce the same by fine not to exceed five hundred dollars or imprisonment not exceeding sixty days, or both.
Accordingly, it is the opinion of the Attorney General that the Board of Alderman for the Town of Ball may adopt an ordinance designated to regulate the domicile of registered sex offenders. Furthermore, a municipality may adopt ordinances that "track" the language of state statutes as long as the municipality does not attempt to either provide for the punishment of felonies or to provide for a greater penalty than the state statute provides in punishing the same crime. See Atty. Gen. Op. No. 95-58 and Atty. Gen. Op. No. 94-399.
Nevertheless, Article 6, Section 9 of the Louisiana Constitution of 1974 prohibits preemption of state law by a local ordinance. The conflict between state law and a municipal ordinance renders the latter invalid. See Atty. Gen. Op. No. 77-1243.
As it concerns registered sex offenders, the Louisiana Legislature has just recently amended La. R.S. 15:538(d)(6) to provide for specific limitations as to where a registered sex offender may legally reside.
Effective August 15, 2005, La. R.S. 15:538(d)(6) provides as follows:
 Any sexual offender, whose offense involved a minor child, and who was placed on probation or was paroled prior to August 15, 2004, and is on probation or parole as of August 15, 2005, shall have the following prohibitions added as conditions of probation and parole pursuant to Code of Criminal Procedure Articles 895 and 896 or R.S. 15:574.4 and R.S. 15:574.7:
 a) Going in, on, or within one thousand feet of the school property of any public or private elementary or secondary school, or the physical presence in any motor vehicle or other means of conveyance owned, leased, or contracted by such school to transport students to or from school or a school-related activity when persons under the age of eighteen years are *Page 3 
present on the school property or in a school vehicle.
 (b) Going in, on, or within one thousand feet of a day care facility, playground, public or private youth center, public swimming pool, or free-standing video arcade facility.
 (c) Physically residing within one thousand feet of any public or private elementary or secondary school, day care facility, playground, public or private youth center, public swimming pool, or free-standing video arcade facility.
 (d) Communicating, either in written or oral form, with the victim or a family member of the victim, unless the victim consents to such communication in writing.
La. R.S. 15:538D further provides exceptions to the foregoing restrictions as follows:
 (2)(a) It shall not be a violation of Subsection (D)(1)(a) of this Section if the offender has permission to be present on school premises from the superintendent of the school board in the case of a public school or the principal or headmaster in the case of a private school.
 (b) If permission is granted to an offender to be present on public school property by the superintendent for that public school pursuant to this Paragraph, then the superintendent shall notify the principal at least twenty-four hours in advance of the visit by the offender. This notification shall include the nature of the visit and the date and time in which the sex offender will be present in the school. The offender shall notify the office of the principal upon arrival on the school property and upon departing from the school. If the offender is to be present in the vicinity of children, the offender shall remain under the direct supervision of a school official.
In support of your opinion request, you have as well submitted a proposed draft of the Town of Ball ordinance that would regulate the areas within the town's limits where registered sex offenders would be permitted to reside or visit. The proposed ordinance states that the registered sexual offender may not reside within a one-half mile (which is 2,640 feet) of any school, church, town park, ball field, or playground within the town limits.
In contrast, Louisiana law prohibits a registered sex offender from residing within one thousand feet of "any public or private elementary or secondary school day care facility, playground, public or private youth center, public swimming pool, or free-standing video arcade facility." State law does not restrict such locations as a church, town park (if it is *Page 4 
not classified as "a public or private youth center or playground"), or ball field. Furthermore, the proposed town ordinance does not provide for any exceptions to the general limitations set for registered sex offenders as does state law.
In answer to your second question, while the Lawrason Act allows the Board of Alderman for the Town of Ball to pass an ordinance which regulates where registered sex offenders may reside and/or visit within the town's limits, it is the opinion of this office that the ordinance cannot have provisions that are more restrictive and/or that conflict with state law. Accordingly, the Town of Ball may prohibit a registered sex offender from living within a certain distance of schools or playgrounds if the ordinance is not in conflict with state law. Similarly, limitations as to certain distances or places are valid unless those limitations would be found to be in conflict with the state law.
Very Truly Yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________ KATHLEEN PETERSEN ASSISTANT ATTORNEY GENERAL